UNITED STATES of America, Plaintiff,

v.

Carl EVERTS and Clifford Everts, Defendants.

Civ. No. 60–C–852.

United States District Court
E. D. New York.
Sept. 30, 1960.

Cornelius W. Wickersham, Jr., U. S. Atty., Brooklyn, N. Y.; John E. Hurley, Asst. U. S. Atty., Brooklyn, N. Y., of counsel, for plaintiff.

Joseph J. Previte, Jackson Heights, for defendants.

RAYFIEL, District Judge.

This is an action to rescind an agreement for the sale by the Government to the defendant Carl Everts of a C–46A aircraft, for an injunction . enjoining the said defendant from putting said aircraft in flight, and for the recovery of damages sustained by the Government by reason of the alleged breach of the said contract.

The plaintiff moved for a preliminary injunction restraining the defendants, their agents, servants, employees, etc., from operating the said C–46A in flight.

The facts, briefly, are as follows: The Government, desirous of selling the C–46A aircraft involved herein, and pursuant to the procedure provided therefor by statute, sent some 800 "invitations to bid" to dealers listed with it. The aircraft, which had been severely damaged, was located at Mitchel Air Force Base, Long Island, New York. Only 3 bids were received by the Government in response to its invitations, the highest being that of the defendant Carl Everts.

A contract effectuating the sale of the aircraft was then prepared and executed by Frances P. O'Brien, as contracting officer for the Government, and Carl Everts. It is dated February 25, 1960, bears the number 30–601–s–60–23, and was received in evidence at the hearing as Government's Exhibit No. 1. Crucial to the Government's claim herein is the following clause in said agreement: "This aircraft is offered only for recovery of spare parts or as scrap. The purchaser warrants that its disposition will be limited to that use."

After purchasing the aircraft the defendants caused it to be transported by truck to Zahn's Airport in Suffolk County, New York, where repairs were made to put it into condition to be flown to Seattle, Washington. This, the Government contends, would constitute a breach of the said contract which specifically provides that the aircraft was to be used only for spare parts or scrap.

While the aircraft was under repair for its proposed flight this action was commenced, and the Government made its motion for a preliminary injunction, in connection with which it asked for and obtained a temporary stay enjoining the flight of the said aircraft until the determination of its application for a temporary injunction.

In its application for a temporary restraining order, it submitted, in support of its claim of irreparable damage and injury, affidavits to the effect that if the defendants were permitted to carry out their intention of flying the aircraft it "would materially and adversely affect a nation wide program of Government disposal of surplus or damaged goods for scrap parts use." However, no proof in support of this contention was submitted at the hearing. Obviously, the Government abandoned this point and elected, instead, to proceed on the theory that there was a breach of the contract which entitled it, under Section 489(b)(3) of Title 40 U.S.C.A., to a recision thereof, together with damages.

The defendants conceded that the contract provided that the aircraft in question was to be used only for spare parts and/or scrap. They concede, further, that repairs were being made to the aircraft which would put it into condition to be flown. However, Clifford Everts testified that he knew that he would not be permitted to fly the plane for commercial use, but that it was being put into condition to be flown so that he might make a one-flight ferry (so-called) to Seattle, Washington, where it was his intention to sell it for spare parts and/or scrap. He testified, also that there was no market in the New York area for parts from this type of aircraft, but that there was such a market in Seattle. His testimony was uncontroverted.

He testified, further, that it was impossible to ship the aircraft to Seattle by any other means, pointing out that the center section was 29 feet wide and upwards of 70 feet in length, and could not be shipped by railroad flatcar; also, that he had paid the sum of $1,800 to have the aircraft transported by truck from Mitchel Air Force Base to Zahn's Airfield, a distance of a few miles, and that the cost of shipping it by such means to the west coast would be prohibitive. Again, his testimony was uncontroverted.

From the Government's oral argument and the tenor of its cross-examination of Clifford Everts it would appear that it had no objection to the shipment of the aircraft in question to Seattle for sale as spare parts or scrap, if done by any means except flight. Its objection, then, is based on the fact that the aircraft was to be *flown* there rather than transported by other means. This position is contrary to the one taken by the Department of the Air Force in a letter received in evidence as defendant's Exhibit A. The letter contains the following statement: "The Air Force would not regard the one time flight of this aircraft as a breach of contract if the purpose of the flight is to transport the aircraft to a location where it will be scrapped." The contract is silent as to the time when or the place where the aircraft is to be scrapped. In the absence of a specific time the purchaser is entitled to a reasonable time within which to do it. Nor is there any provision in the contract as to the *place* where the aircraft is to be scrapped. For the foregoing reasons it would be unreasonable to require the purchaser to scrap the aircraft in an area where there is no market for its parts or scrap, when, by a one-flight ferry, it could be transported to a place where there is such a market. Of course, the question of the safety of aircraft for flight is a matter for the Federal Aviation Agency to determine before it issues a permit for the flight to Seattle.

The Government's motion for an injunction pendente lite is denied and the temporary stay is vacated.

This constitutes the findings of fact and conclusions of law.

Settle order on notice.